United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHMOND HOUSING AUTHORITY,
        Plaintiff,

v.

FRANCIS CLAY,
        Defendant.

Case No. 21-cv-01289-JSC

**ORDER REMANDING ACTION TO STATE COURT**

Before the Court is Mr. Clay's response to the Court's March 1, 2021 Show Cause Order. (Dkt. No. 8.)[1] On February 22, 2021, Mr. Clay filed a petition that removed this unlawful detainer action to federal court.[2] (Dkt. No. 1 at 1-2.) Upon review of Mr. Clay's petition, the Court determined that there was no apparent basis for federal subject matter jurisdiction because it was unclear on what grounds Mr. Clay removed the unlawful detainer action. (Dkt. No. 4 at 1-2.) Accordingly, the Court ordered Mr. Clay to show cause as to why this action should not be remanded to state court. (*Id.* at 2.)

After careful consideration of Mr. Clay's April 16, 2021 response to the Court's Show Cause Order, Mr. Clay has not established a basis for federal subject matter jurisdiction. In fact—while he does not caption himself as a plaintiff—Mr. Clay's response appears to be styled as a complaint against the Richmond Housing Authority. He states that he is suing for $1,200,000.00, lists 10 numbered statements concerning his eviction, and attaches a copy of a document requesting a stay of his eviction submitted in connection with a proceeding before the Contra

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. 636(c). (Dkt. Nos. 6 & 7.)

1  Costa County Superior Court. (Dkt. No. 8 at 1, 7.)  This does not provide the Court with a basis
2  for determining whether Mr. Clay's removal of the unlawful detainer action was proper.
3  Moreover, assuming Mr. Clay seeks to sue the Richmond Housing Authority, the right of removal
4  is exclusively vested in a defendant.  *See, e.g.*, *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967)
5  (per curiam).  If Mr. Clay wishes to file suit against the Richmond Housing Authority in state
6  court he cannot subsequently remove his own action to federal court.  *See id.*

7  Mr. Clay additionally states that claims for negligence and intentional infliction of
8  emotional distress are at issue.  Even construing these as claims involved in the underlying
9  unlawful detainer action, these claims do not confer a basis for federal subject matter jurisdiction
10  under 28 U.S.C. § 1331.  *See Vaden v. Discover Bank*, 556 U.S. 49, 59–60 (2009) ("[F]ederal
11  district courts [have] jurisdiction over 'all civil actions arising under the Constitution, laws, or
12  treaties of the United States.'") (quoting 28 U.S.C. § 1331).  Nor is there anything in Mr. Clay's
13  response to indicate that the Court may exercise jurisdiction on diversity grounds.  *See* 28 U.S.C. §
14  1332(a)(1) (requiring complete diversity of citizenship between the parties and an amount in
15  controversy in excess of $75,000).

16  Accordingly, Mr. Clay has not met his burden of establishing that removal is proper.  *See*
17  *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009).  As
18  such, the Court REMANDS the action to the Contra Costa County Superior Court.

19  **IT IS SO ORDERED.**

20  Dated: April 30, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge